UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | No. 2:17-cr-31 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| LEE EDWARD BLOMQUIST, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDAITON AND DENYING MOTION TO SUPRESS

Defendant Lee Blomquist filed a motion to suppress. (ECF No. 27.) The magistrate judge held a hearing, considered additional briefs, and issued a report recommending the motion be denied. (ECF No. 41.) Defendant filed objections. (ECF No. 49.)

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II.

Defendant advances two objections. First, Defendant argues the Government did not meet its burden to show that he consented to a search. Second, Defendant argues the exclusionary rule should apply.

### A. Consent

The magistrate judge recommends finding that Defendant consented to the search. Defendant objects to this recommendation. Defendant's objection is OVERRULED.

Considering the totality of the circumstances, Defendant voluntarily consented to the search of the chicken coop. The evidence presented at the hearing establishes that, upon arrest, Defendant insisted that his grow operation was in compliance with Michigan law and wanted to show the officers that he was in compliance. Among his efforts, Defendant voluntarily gave the officers a tour of the chicken coop, where the marijuana plants were growing. *See, e.g., Hoover v. Beto*, 467 F.2d 516, 521 (5th Cir. 1972) ("Hoover voluntarily consented to and invited the search. That consent was neither coerced nor compelled by the search warrant."). The record does not support the conclusion that Defendant merely acquiesced to the authority of the search warrant. Defendant was aware he was under arrest. It is not clear that Defendant was aware that the officers had a search warrant. In fact, the record does not indicate when, or even if, the officers ever informed Defendant that they had a search warrant before he voluntarily took the officers to the chicken coop.

Defendant has not demonstrated that the officers violated his Fourth Amendment rights before he took the officers to the chicken coop. The record establishes that the officers had entered Norman Blomquist's property and were securing it when Defendant walked out

of the chicken coop, which was on John Blomquist's property. The record does not establish exactly where the officers were located when Defendant appeared. The record does not establish whether the officers had left Norman Blomquist's property and were on John Blomquist's property when Defendant walked out of the chicken coop. The record does establish that the officers arrested Defendant when he was outside of the chicken coop.

### B. Exclusionary Rule

The magistrate judge recommends finding that an exception to the exclusionary rule applies. Defendant objects to this recommendation. Defendant's objection is OVERRULED.

The magistrate judge concluded that Lieutenant Dixon relied on inaccurate public records when describing the property to be searched.[1] (R&R at 15 PageID.108.) Lieutenant Dixon testified that he obtained the legal description of the property to be searched from the equalization department in the county courthouse. (ECF No. 45 Hrg. Trans. at 46 PageID.160.) Dixon also drove by the property and took pictures. (*Id.*) Lieutenant Dixon testified that the chicken coop appeared to be part of Norman Blomquist's property. (*Id.* at 55 PageID.169.) The coop was north of the house and the coop and other buildings were all part of a large, maintained back yard. (*Id.*)

Exhibit Four for the Government was the document Dixon received from the equalization department. (*Id.*) The exhibit is a photocopy of the assessment roll for Felch Township and the document lists three properties owned by Norman Blomquist. (*Id.* at 77

---

[1] At the hearing, the Lieutenant Dixon offered this spelling of his surname.

PageID.191.) The pictures of the property that were on file with the equalization department in April 2017 inaccurately showed the chicken coop as being part of Norman Blomquist's property. (*Id.* at 92-93 PageID.206-07.) The pictures were taken by the assessor, and would have been shared with the equalization department and would have been part of the tax records for the property. (*Id.* at 103 PageID.217.) At the hearing, the Felch Township Assessor testified that, based on the records at the time the warrant was executed, the records showed that Norman Blomquist was being assessed taxes as the owner of property that included the chicken coop. (*Id.* at 95-96 PageID.209-10.)

The Court will not exclude the evidence from the chicken coop. In hindsight, the township's records are inaccurate, and Norman Blomquist's property does not include the chicken coop. The officers preparing the warrant reasonably relied on public records describing the property. The officers also physically observed the area and the chicken coop appeared as part of the curtilage of Norman's property. The officers' conclusion that the coop was part of Norman's property was reasonable based on the appearance of the property. Indeed, the tax assessor made the same mistake in 2016. That the officers could have used a different set of records to determine that the coop was on John's property does not change the outcome. Defendant has not identified any authority indicating that police officers or prosecuting attorney preparing a warrant must double check property descriptions with a second set of records. The warrant authorized the officers to search the outbuildings in the curtilage. Because the coop appeared to be an outbuilding in the curtilage, which was included in the warrant, the officers executing the warrant reasonably relied on the warrant.

III.

For these reasons, Defendant's objections are OVERRULED. The Report and Recommendation (ECF No. 41) is **ADOPTED** as the Opinion of this Court. Defendant's motion to suppress (ECF No. 27) is **DENIED. IT IS SO ORDERED.**

Date: July 9, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge