UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cr-31 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| LEE EDWARD BLOMQUIST, | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER DENYING MOTION TO ENJOIN PROSECUTION

Michigan allows Defendant Lee Blomquist to grow and use marijuana for personal medical reasons. When he was arrested, he was cultivating over 100 marijuana plants and possessed over 37 pounds of marijuana. Blomquist is charged with violations of federal law, provisions of the Controlled Substances Act. Blomquist moved to enjoin his prosecution. Blomquist argues he holds a valid, state-issued medical marijuana card and asserts that the federal government cannot prosecute him until after a state court has determined that he violated state law. Alternatively, Blomquist argues he should be able to present his state-law affirmative defense to a jury. Neither argument is persuasive. Blomquist's motion to enjoin will be denied.

I.

Some background is necessary. On three occasions in March 2017, police observed Clifford Lautzenheiser visit Norman Blomquist's residence. Each time, Lautzenheiser placed something in the trunk of his car and then drove to a parking lot where he sold marijuana to a third party. In April 2017, on a fourth occasion, police arrested

Lautzenheiser. He informed detectives that he had been purchasing marijuana from Lee Blomquist on a weekly basis for approximately nine months. Lautzenheiser is a Wisconsin resident and does not possess a Michigan medical marijuana card.

With the information obtained from Lautzenheizer, police obtained a search warrant for Norman Blomquist's residence. As officers began to execute the warrant, Defendant Lee Blomquist walked out of small building, a chicken coop. Blomquist was detained and handcuffed. He told officer he possessed a Michigan medical marijuana card, asserted that he was in compliance with the law, and offered to give the officers a tour of the property. Blomquist showed the officers the interior of the chicken coop. The officers found more than 100 marijuana plants in five rooms. Blomquist contends most of the plants are not his. The plants belong to other medical marijuana card holders, and he merely tends to the plants. Blomquist also showed the officers the locked entrance to a space above the garage. In the space, the officers found approximately 37 pounds of marijuana, which was packaged and separated in five-gallon buckets. The officers did not seize the plants in the chicken coop.

The Government charged Blomquist with four crimes: (1) manufacturing 100 or more marijuana plants, (2) possession with the intent to distribute more than 100 marijuana plants, (3) conspiracy to distribute and to possess with the intent to distribute marijuana, and (4) distribution of marijuana. Blomquist filed a motion for an evidentiary hearing, to enjoying the prosecution, and to dismiss the indictment.

II.

A. Evidentiary Hearing

Blomquist contends that his prosecution violates federal law. The 2015 Appropriations Act contained a provision that prevented the Department of Justice from using funds to prevent states that have passed marijuana laws "from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Consolidated and Furthering Continuing Appropriations Act 2015, Pub. L. No. 113-234 § 538, 128 Stat. 2130, 2217 (2014). The same language was added to Appropriations Acts for 2016 (Pub. L. No. 114-113), 2017 (Pub. L. No. 115-31) and 2018 (Pub. L. No. 115-141).

When a criminal defendant believes that his or her prosecution violates the restrictions in the Appropriations Act, the defendant should file a motion to enjoin the prosecution and the court should hold an evidentiary hearing. The Ninth Circuit held that federal criminal defendants charged with marijuana-related crimes may seek to enjoin a criminal action when the act of prosecuting requires the expenditure of funds which has been prohibited by these Appropriations Acts. *United States v. McIntosh*, 883 F.3d 1163, 1172-73 (9th Cir. 2016). The Appropriations Clause, U.S. Const. art. I, § 9, cl. 7, prohibits the payment of money from the Treasury unless it has been approved by an act of Congress. *McIntosh*, 883 F.3d at 1174. Thus, if the Department of Justice spends money in a manner explicitly prohibited by statute, here the prosecution of a criminal action, the Department violates the Appropriations Clause and the maintenance of the criminal action constitutes a violation of the separation of powers. *Id.* at 1175. The separation of powers violation can be raised by the defendant to challenge the act of prosecuting. *Id.* The court should then

hold an evidentiary hearing to determine whether the defendant's conduct was authorized by state law. *Id.* at 1179.

Accordingly, Blomquist is entitled to an evidentiary hearing. The Court scheduled and held a hearing for Blomquist's motion. After both parties were afforded an opportunity to present proofs, the Court afforded both sides the opportunity to file supplemental briefs.

### B. Burden of Proof

Blomquist argues the Government bears the burden of proof at the evidentiary hearing. Blomquist reasons that if he can show that he is licensed or certified by Michigan, the Government must prove that his prosecution does not violate the separation-of-powers concerns arising from the limitations on prosecution established in the Appropriations Act. Put another way, Blomquist contends that his state-issued medical marijuana card entitles him to a presumption that his conduct was legal under state law and the Government must prove that he was violating state law in order to prosecute him for violating federal law. The Court disagrees.

First, this criminal action is a valid exercise of the Government's authority to enforce the criminal laws. Blomquist has been charged with violations of the Controlled Substances Act (CSA). The Sixth Circuit Court of Appeals has held that the CSA is a valid exercise of Congress' authority under the Commerce Clause. *United States v. Brown*, 276 F.3d 211, 214-15 (6th Cir. 2002) (collecting cases). At trial, the Government bears the burden of proving that Blomquist committed the crime with which he has been charged.

Blomquist's motion to enjoin raises a separation of powers challenge to his prosecution. *See McIntosh*, 833 F.3d at 1174 (holding that the defendant-appellants had

"standing to invoke separation-of-powers powers provisions of the Constitution to challenge their criminal prosecutions."). The court remanded the consolidated appeals to the various district courts for evidentiary hearings without identifying which party would bear the burden of proof at the evidentiary hearing.

As the moving party, the defendant bears the burden of proving complete compliance with Michigan's Medical Marijuana Act.[1] After *McIntosh* was published, the Eastern District of California held that the defendant bears the burden in a *McIntosh* evidentiary hearing. *See United States v. Daleman*, No. 1:11-cr-385, 2017 WL 1256743, at *3 (E.D. Cal. Feb. 17, 2017); *see also United States v. Gentile*, No. 1:13-cr-360, 2017 WL 1437532, at *7 (E.D. Cal. Apr. 24, 2017) (finding initially that the Government had the burden and then, after reading *Daleman*, placing the burden on the defendant). In *Daleman*, Judge Drozd identified three reasons the defendant bore the burden of proof. First, the text of the appropriations rider does not place the burden on the government to prove non-compliance. 2017 WL 1256743, at *3 n.5. Second, traditionally the burden of proof is not placed on a litigant to prove facts within the knowledge of the adversary. *Id.* at *3. Third, generally the proponent of a motion bears the burden of proof. *Id.*

The nature of the relief sought also supports the conclusion that the defendant bears the burden of proof. Judge Lawson in the Eastern District of Michigan reached the same

---

[1] The *McIntosh* opinion emphasized complete compliance. The purpose of the evidentiary hearing to is "to determine whether their conduct was completely authorized by state law, by which we mean that they strictly complied with all relevant conditions imposed by state law on the use, distribution, possession and cultivation of medical marijuana." *McIntosh*, 833 F.3d at 1179. The defendant must have "fully complied with such laws." *Id.* at 1177. The federal prosecution will not violate separation of powers if the individual did "not strictly comply with all state-law conditions regarding the use, distribution, possession, and cultivation of medical marijuana." *Id.* at 1178.

conclusion as Judge Drozd, but for a different reason. *See United States v. Bally*, No. 17-20135, 2017 WL 5625896, at *5 (E.D. Mich. Nov. 22, 2017). Following *McIntosh*, Judge Lawson explained that the purpose of the evidentiary hearing was not to prove guilt, a burden shouldered by the Government. *Id.* Rather, the purpose of the hearing was to determine whether the federal prosecution should be enjoined. *Id.* And, the party seeking an injunction bears the burden of proof. *Id.* To prove that the prosecution should be enjoined, the defendant had to prove compliance with Michigan's medical marijuana statute. *Id.*

The Court must acknowledge an opinion reaching the opposite conclusion. The discussion of the burden of proof in *United States v. Samp*, No. 16-cr-20263, 2017 WL 1164453 (E.D. Mich. Mar. 29, 2017) (Ludington, J.) is perfunctory. Judge Ludington concluded that the Government had the burden at the evidentiary hearing because the Government had the burden of proving guilt. *Id.* at *2. But, as Judge Lawson reasoned, the purpose of the hearing was not to determine guilt or innocence of the federal charges. The purpose of the hearing was to determine whether the prosecution should be enjoined because the restrictions placed on the use of appropriated funds. That conclusion, whether an injunction should issue, depends on compliance with state law, an issue unrelated to the federal charges.

### III.

Having concluded that Blomquist, not the Government, bears the burden of proof at the evidentiary hearing, the Court considers whether Blomquist established that he was in strict compliance with Michigan law. Michigan's Medical Marijuana Act (MMMA),

333.26421, *et seq.*, sets forth both an immunity provision, § 333.26424 (§ 4), and an affirmative defense, § 333.26428 (§ 8). *People v. Hartick*, 870 N.W.2d 37, 42 (Mich. 2015).

## A. Immunity

Blomquist does not meet the requirements for the immunity provision under the MMMA. Blomquist violated at least two sections of the immunity provision. The immunity provision limits patients to possess up to 2.5 ounces of marijuana. Mich. Comp. Laws § 333.26424(a). Blomquist was in possession of 37 pounds of marijuana. A marijuana cardholder cannot sell marijuana to someone who is not allowed to use medical marijuana under the MMMA. *Id.* § 333.26424(l). Blomquist was selling marijuana to Lautzenhizer, who did not have a medical marijuana card.

## B. Affirmative Defense

Blomquist also has not established that he meets the affirmative defense set forth in the MMMA. Section 333.26427 provides an affirmative defense to prosecution for marijuana-related crimes. *People v. Hartwick*, 870 N.W.2d 37, 55 (Mich. 2015); *People v. Kolanek*, 817 N.W.2d 528, 538 (Mich. 2012). The affirmative defense is available to "a patient and a patient's primary caregiver, if any." Mich. Comp. Laws § 333.26428(a). First, the defendant must prove the existence of a physician-patient relationship where the physician has evaluated the patient and determined that the patient would benefit from the medical use of marijuana to treat or alleviate a serious or debilitating medical condition or the symptoms of one.

> (1) A physician has stated that, the physician's professional opinion, after having completed a full assessment of the patient's medical history and current medical condition made in the course of a bona fide physician-patient

> relationship, the patient is likely to receive therapeutic or palliative benefit from the medical use of marihuana to treat or alleviate the patient's serious medical condition or debilitating medical condition or symptoms of the patient's serious or debilitating medical conditions[.]

Mich. Comp. Laws § 333.26428(a)(1).

The Michigan Supreme Court has held that his first requirement contains three elements: (1) the existence of a bona fide physician-patient relationship, (2) in which the physician completes a full assessment of the patient's medical history and current medical condition, and (3) from which results a professional opinion that the patient has a debilitating medical condition and would benefit from the use of marijuana to treat the condition. *Hartwick*, 870 N.W.2d at 57. Possessing a registry identification card issued after April 1, 2013, will establish the second and third elements, but not the first element. *Id.* at 58 n.74.

Second, the defendant must prove that the quantity of marijuana he or she possessed was reasonable.

> (2) The patient and the patient's primary caregiver, if any, were collectively in possession of a quantity of marijuana that was not more than reasonably necessary to ensure the uninterrupted availability of marihuana for the purpose of treating or alleviating the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition[.]

Mich. Comp. Laws § 333.26528(a)(2). The Michigan Supreme Court held that a caregiver may rely on the patient's statement as to how much is needed to treat the medical condition. *Hartwick*, 870 N.W.2d at 60. The patient may need to testify about the amount of marijuana needed to alleviate the medical condition. *Id.* The patient may also need to testify about how he or she obtains the marijuana and the reliability of the source to determine whether the quantity was not more than reasonably necessary to ensure an uninterrupted supply. *Id.*

In contrast to the explicit limitation in the immunity provision, the affirmative defense does not specify a particular amount of marijuana that a defendant may possess.

Third, the defendant must prove that the marijuana which forms the basis of the criminal charge relates to the treatment of his or her serious or debilitating medical condition or the symptoms of one.

> (3) The patient and the patient's primary caregiver, if any, were engaged in the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marihuana or paraphernalia relating to the use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition.

*Id.* § 333.26428(a)(3). For this third element, the defendant must show that his or her possession or use of marijuana was for medical purposes. *Hartwick*, 870 N.W.2d at 61. Possession of a registry identification card, by itself, will not establish this third element. *Id.*

Finally, the MMMA provides additional limits through the definitions of "qualifying patient" and "primary caregiver." *People v. Bylsma*, 889 N.W.2d 729, 740 (Mich. Ct. App. 2016). A qualifying patient can have only one caregiver and a primary caregiver may assist no more than five qualifying patients. *Id.* A defendant who is a patient may assert a § 8 defense only for his or her medical marijuana and cannot assert the defense for marijuana provided to a primary caregiver's other patients. *Id.* at 741 (no defense for patient-to patient transaction, for caregiver-to-caregiver transactions, for transactions to someone else's patients if the defendant is a caregiver and for transactions to a caregiver other than the patient's primary caregiver). "Only conduct directly arising from a traditional patient and primary-caregiver relationship is subject to an affirmative defense under § 8." *Id.* at 741-42. Furthermore, the MMMA prohibits a person who has ever been convicted of a felony

involving illegal drugs from being a "primary caregiver" or a "caregiver." Mich. Comp. Laws § 333.26423(k).

Blomquist did not put forth sufficient evidence to establish even a question of fact for his affirmative defense. First, the record contains no evidence that Blomquist had a bona fide physician-patient relationship with a medical provider who conducted the required patient assessment. No doctor testified at the hearing and no medical records were introduced. Second, Blomquist has not established that the amount of marijuana he possessed was reasonable. He is credited with possession of 37 pounds, nearly 600 ounces. Blomquist has not put forth any evidence about how much marijuana was necessary for his medical condition or about the reliability of the source of his marijuana. Finally, Blomquist has a prior felony drug conviction. (ECF No. 58.) Therefore, he cannot be a caregiver under the MMMA and cannot possess marijuana or marijuana plants for other qualifying patients.

C. Injunction and Dismissal

Blomquist is not entitled to an injunction of the prosecution because he has not demonstrated that he was complying with Michigan law.

At the hearing, and in the supplemental briefs, Blomquist argues that Counts 1 and 2, the charges related to possession of plants, should be dismissed. Blomquist notes that the plants were not seized by the police. Blomquist infers from the lack of seizure that the plants cannot be evidence of a crime.

The Court will not dismiss Counts 1 and 2. At the hearing, officers explained why they did not seize the plants. They had no ability to care for the growing plants. In the event that the plants did not violate Michigan law, the officers wanted to avoid being civilly liable.

The Government presented a number of pictures of the plants at the hearing. And, the officers provided some testimony about the scope of the grow operation. The decision not to seize the plants does not require the Court to dismiss the charges.

IV.

Finally, Blomquist argues his prosecution violates his Due Process and Equal Protection rights. He asserts that the assumptions about marijuana in the Controlled Substance Act (CSA) are irrational, are not related to a legitimate government interest, and insists that prosecuting him for locally cultivated marijuana violates the commerce clause.

A. Due Process and Equal Protection

Blomquist argues the classification of marijuana as a Schedule I controlled substance violates the Fifth Amendment, specifically the due process and equal protection guarantees in that amendment.

The Fifth Amendment states that no person shall be deprived over liberty without due process of law. Const. amend. V. Although the Fifth Amendment does not contain the phrase "equal protection," a classification that would be invalid under the Fourteenth Amendment would also be inconsistent with the due process requirement of the Fifth Amendment. *Johnson v. Robison*, 415 U.S. 361, 364 n.4 (1974). Under an equal protection analysis, legislative classifications must, at the very least, have some rational basis related to a legitimate governmental interest. *See United States Dept. of Agriculture v. Moreno*, 413 U.S. 528, 533 (1973). Blomquist references a number of studies from 2011 through 2015 comparing the risks associated with marijuana to the risks associated with other Schedule I drugs.

In 1989, the Sixth Circuit rejected a similar Fifth Amendment challenge to the classification of marijuana as a Schedule I drug. *United States v. Greene*, 892 F.2d 453 (6th Cir. 1989). The court noted that the Controlled Substances Act authorizes the Attorney General to reclassify a drug if and when new scientific evidence is presented. *Id.* at 456. Reviewing cases from other circuits, the court concluded that the consensus of judicial opinions held that the classification was not arbitrary. *Id.* 455-56 (collecting cases). The court also held that the judiciary will not function as a super-legislature when policy determinations do not affect fundamental rights and, therefore, the courts are not the appropriate mechanism for the policy change the defendant sought. *Id.*

Although Blomquist may have cited more recent studies, the reasoning and holding in the *Greene* opinion remains binding on this Court. More recent federal opinions, at least one circuit court and this district court, have reached the same conclusion. *E.g. United States v. Christie*, 825 F.3d 1048, 1065-66 (9th Cir. 2016) (rejecting a Fifth Amendment challenge to the classification of marijuana as a Schedule I drug because "while it may be true that marijuana's legal status continues to evolve, as does its standing in the medical and scientific communities, those developments do not come close to demonstrating that changes since 1978" have undermined binding authority); *United States v. Taylor*, No. 1:14-cr-67, 2014 WL 12676320, at *4-*5 (W.D. Mich. Sept. 8, 2014) (Jonker, J.) (discussing at length and rejecting a Fifth Amendment challenge to the classification of marijuana as a Schedule I drug and noting that evolving scientific understanding and social acceptance of marijuana is not a reason that courts can use to ignore longstanding and binding precedent).

B. Commerce Clause

Blomquist argues the local manufacturing and personal consumption of marijuana falls outside the scope of the Commerce Clause. Blomquist concludes that the Controlled Substance Act, to the extent is criminalizes purely localized conduct, is unconstitutional.

The United States Supreme Court already rejected this same challenge to the CSA. The defendant and later appellant made the same argument in *Gonzales v. Raich*, 545 U.S. 1 (2005). In that case, the charges against one of the defendants arose from growing 6 marijuana plants for personal medical use. The Court held that "well-settled law controls our answer. The CSA is a valid exercise of federal power, even as applied to the troubling facts of this case." *Raich*, 545 U.S. at 9.

IV.

On Blomquist's motion, an evidentiary hearing occurred for his motion to enjoin the prosecution and to dismiss the indictment. The Court concludes that Blomquist bears the burden of proof. To be entitled to an injunction, Blomquist must prove that he was complying with state law. He did not do so. Blomquist has not established that he was immune from prosecution under the Michigan Medical Marijuana Act or that he qualified for the affirmative defense under the MMMA. And, Blomquist has not established that the Controlled Substance Act violates the Due Process Clause or the Commerce Clause. Therefore, the Court must deny his motion.

# ORDER

For the reasons provided in the accompanying Opinion, Blomquist's motion to enjoin the prosecution and dismiss the indictment (ECF No. 62) is **DENIED**.

**IT IS SO ORDERED.**

Date:  January 16, 2019                               /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge